**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS OSEI COTTON,

        Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Secretary, Kansas Department of Corrections; DAVID MCKUNE, Warden, Lansing Correctional Facility; ROGER BONNER; (FNU) RAWLS, Investigators I & I, Lansing Correctional Facility; PAT WEST, Disciplinary Administrator, Lansing Correctional Facility; and CONNIE LAWSON, Correctional Officer, Lansing Correctional Facility,

        Defendants-Appellees.

No. 01-3260

(D.C. No. 99-CV-3006-CM)

(D. Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner § 1983 civil rights appeal stemming from Mr. Cotton's publication of a book of poetry, the prison's investigation of that publication, and disciplinary action taken as a result of the investigation.  Mr. Cotton claims that his rights under the First, Fifth, and Fourteenth Amendments were violated by the Defendants.  Mr. Cotton also claims that he was falsely accused of copyright violations and that one of the Defendants slandered his character.  The district court granted Defendants' motion for summary judgment. Mr. Cotton appeals to this court.

We agree with the district court that none of Mr. Cotton's claims concerning the propriety of the disciplinary hearings or their results are actionable pursuant to § 1983 unless the results of the hearings were overturned.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (applying Heck to judgments in prison disciplinary proceedings).  Mr. Cotton failed to show that his disciplinary determination has been reversed or called into question.  Thus, Balisok bars Mr. Cotton's claims regarding the disciplinary proceedings.

Mr. Cotton's claim that Defendant Lawson's alleged slander of his character brought him disgrace, ridicule, and contempt is also not cognizable

under § 1983. Mr. Cotton has made no showing of how his First Amendment or any other constitutional rights have been violated by Lawson's conduct. Damage to one's reputation alone does not constitute a liberty interest. Paul v. Davis, 424 U.S. 693, 709 (1976); Corbitt v. Andersen, 778 F.2d 1471, 1474-75 (10th Cir. 1985). Therefore, this claim must also fail.

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned July 31, 2001, Order, we hold that no relief is available to Mr. Cotton pursuant to § 1983.

Appellant's complaint is **DISMISSED**.

Entered for the Court:

Monroe G. McKay
Circuit Judge